# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

08 - 20112 cr-COD

CASE NO.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 853



UNITED STATES OF AMERICA

vs.

ALI SHAYGAN,

Defendant.

_____/

D.C.
MAG. SEC.

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

On or about June 7, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of methadone.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that the death of J.D. resulted from the use of this substance.

## COUNT 2

On or about June 7, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(2), it is further alleged that this violation involved a schedule IV controlled substance, that is, mixture and substance containing a detectable amount of diazepam.

## COUNT 3

On or about June 7, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of roxicodone.

2

## COUNT 4

On or about September 26, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of roxicodone.

## COUNT 5

On or about September 26, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(2), it is further alleged that this violation involved a schedule IV controlled substance, that is, mixture and substance containing a detectable amount of alprazolam.

3

## COUNT 6

On or about September 26, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(1), it is further alleged that this violation involved a schedule III controlled substance, that is, mixture and substance containing a detectable amount of hydrocodone.

## COUNT 7

On or about October 22, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of roxicodone.

4

## COUNT 8

On or about October 22, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(2), it is further alleged that this violation involved a schedule IV controlled substance, that is, mixture and substance containing a detectable amount of xanax.

## COUNT 9

On or about October 22, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(1), it is further alleged that this violation involved a schedule III controlled substance, that is, mixture and substance containing a detectable amount of hydrocodone.

## COUNT 10

On or about October 26, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of methadone.

## COUNT 11

On or about October 26, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of roxicodone.

6

## COUNT 12

On or about October 26, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(1), it is further alleged that this violation involved a schedule III controlled substance, that is, mixture and substance containing a detectable amount of hydrocodone.

## COUNT 13

On or about October 26, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(2), it is further alleged that this violation involved a schedule IV controlled substance, that is, mixture and substance containing a detectable amount of alprazolam.

## COUNT 14

On or about November 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of roxicodone.

## COUNT 15

On or about November 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(2), it is further alleged that this violation involved a schedule IV controlled substance, that is, mixture and substance containing a detectable amount of xanax.

8

## COUNT 16

On or about November 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(1), it is further alleged that this violation involved a schedule III controlled substance, that is, mixture and substance containing a detectable amount of hydrocodone.

## COUNT 17

On or about November 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of methadone.

## COUNT 18

On or about November 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(1), it is further alleged that this violation involved a schedule III controlled substance, that is, mixture and substance containing a detectable amount of hydrocodone.

## COUNT 19

On or about November 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of roxicodone.

10

## COUNT 20

On or about November 16, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(2), it is further alleged that this violation involved a schedule IV controlled substance, that is, mixture and substance containing a detectable amount of alprazolam.

## COUNT 21

On or about January 15, 2008, in Miami-Dade County, in the Southern District of Florida, the defendant,

### ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and dispense a controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a schedule II controlled substance, that is, mixture and substance containing a detectable amount of roxicodone.

11

## COUNT 22

On or about January 15, 2008, in Miami-Dade County, in the Southern District of Florida, the

defendant,

## ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and

dispense a controlled substance, outside the scope of professional practice and not for a legitimate

medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(1), it is further alleged that this

violation involved a schedule III controlled substance, that is, mixture and substance containing a

detectable amount of hydrocodone.

## COUNT 23

On or about January 15, 2008, in Miami-Dade County, in the Southern District of Florida, the

defendant,

## ALI SHAYGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally distribute and

dispense a controlled substance, outside the scope of professional practice and not for a legitimate

medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(D)(2), it is further alleged that this

violation involved a schedule IV controlled substance, that is, mixture and substance containing a

detectable amount of xanax.

12

## FORFEITURE ALLEGATION

1.      The allegations of Counts 1 through 23 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of property in which the defendant has an interest.

2.      Upon conviction of any violation of Title 21, United States Code, Section 841, as alleged in Counts 1 through 23, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2), any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violation, and any property which the defendant used or intended to be used in any manner or part to commit or to facilitate the commission of such violation.

3.      The property subject to forfeiture includes, but is not limited to:

   (a)      the real property located at 2829 Indian Creek Drive, #1409, Miami Beach, Florida 33140;

   (b)      all funds in HSBC Bank Account Number 152-74957-8 in the name of Ali Shaygan;

   (c)      all funds in HSBC Bank Account Number 152-63094-5 in the name of Ali Shaygan;

   (d)      all funds in HSBC Bank Account Number 152-63095-3 in the name of Ali Shaygan; and

   (e)      all funds in HSBC Bank Account Number 152-74937-3 in the name of Pioneer Medical Therapeutics Inc.

4.      If the property described above as being subject to forfeiture, as a result of any act or

13

omission of the defendant,

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property and, in addition, to require the defendant to return any such property to the jurisdiction of the court for the seizure and forfeiture.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

SEAN PAUL CRONIN
ASSISTANT UNITED STATES ATTORNEY

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ALI SHAYGAN,

Defendant.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

Superseding Case Information:

**Court Division:** (Select One)

New Defendant(s)        Yes _____    No _____
Number of New Defendants    _____
Total number of counts       _____

X   Miami _____ Key West
_____ FTL _____ WPB _____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:    (Yes or No)    No
     List language and/or dialect    _____

4.   This case will take    10    days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                    (Check only one)

     I      0 to 5 days          _____        Petty      _____
     II     6 to 10 days         X              Minor      _____
     III    11 to 20 days        _____        Misdem.    _____
     IV     21 to 60 days        _____        Felony     X
     V      61 days and over     _____

6.   Has this case been previously filed in this District Court? (Yes or No)    No
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)    No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No)    No

7.   Does this case originate from a matter pending in the U.S. Attorney's Office prior to
     April 1, 2003? _____ Yes    X    No

8.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to
     April 1, 1999? _____ Yes    X    No
     If yes, was it pending in the Central Region? _____ Yes _____ No

9.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior
     to October 14, 2003? _____ Yes    X    No

10.  Does this case originate from a matter pending in the Narcotics Section (Miami) prior to
     May 18, 2003? _____ Yes    X    No

11.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior
     to September 1, 2007? _____ Yes    X    No

_____
SEAN P. CRONIN
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500940

\*Penalty Sheet(s) attached

REV.9/11/07

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET                              Page 1 of 6

Defendant's Name: ALI SHAYGAN            Case No:_____

Count #: 1

Distribution and dispensing of methadone.

Title 21, United States Code, Section 841(a)(1)

* Max.Penalty:        Life imprisonment

Count #: 2

Distribution and dispensing of diazepam.

Title 21, United States Code, Section 841(a)(1)

*Max. Penalty:        3 years' imprisonment

Count #: 3

Distribution and dispensing of roxicodone.

Title 21, United States Code, Section 841(a)(1)

*Max. Penalty:        20 years' imprisonment

Count #: 4

Distribution and dispensing of roxicodone.

Title 21, United States Code, Section 841(a)(1)

*Max. Penalty:        20 years' imprisonment

1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET                    Page 2 of 6

**Defendant's Name**: **ALI SHAYGAN**              Case No:_____

Count #: 5

Distribution and dispensing of alprazolam.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**      3 years' imprisonment

Count #: 6

Distribution and dispensing of hydrocodone.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**      5 years' imprisonment

Count #: 7

Distribution and dispensing of roxicodone.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**      20 years' imprisonment

Count #: 8

Distribution and dispensing of xanax.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**      3 years' imprisonment

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET                    Page 3 of 6

**Defendant's Name**: ALI SHAYGAN          **Case No**:_____

**Case No**:_____

Count #: 9

  Distribution and dispensing of hydrocodone._____

   Title 21, United States Code, Section 841(a)(1)_____

**\*Max. Penalty:**     5 years' imprisonment_____

Count #: 10

  Distribution and dispensing of methadone._____

   Title 21, United States Code, Section 841(a)(1)_____

**\*Max. Penalty:**     20 years' imprisonment_____

Count #: 11

  Distribution and dispensing of roxicodone._____

   Title 21, United States Code, Section 841(a)(1)_____

**\*Max. Penalty:**     20 years' imprisonment_____

Count #: 12

  Distribution and dispensing of hydrocodone._____

   Title 21, United States Code, Section 841(a)(1)_____

**\*Max. Penalty:**     5 years' imprisonment_____

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>                    Pag 4 of 6

**Defendant's Name**: <u>ALI SHAYGAN</u>          **Case No**: _____

Count #: 13

  <u>Distribution and dispensing of alprazolam.</u>

  <u>Title 21, United States Code, Section 841(a)(1)</u>

**\*Max. Penalty:**       3 years' imprisonment

Count #: 14

  <u>Distribution and dispensing of roxicodone.</u>

  <u>Title 21, United States Code, Section 841(a)(1)</u>

**\*Max. Penalty:**       20 years' imprisonment

Count #: 15

  <u>Distribution and dispensing of xanax.</u>

  <u>Title 21, United States Code, Section 841(a)(1)</u>

**\*Max. Penalty:**       3 years' imprisonment

Count #: 16

  <u>Distribution and dispensing of hydrocodone.</u>

  <u>Title 21, United States Code, Section 841(a)(1)</u>

**\*Max. Penalty:**       5 years' imprisonment

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET                         Page 5 of 6

**Defendant's Name**: ALI SHAYGAN          Case No:_____

Count #: 17

  Distribution and dispensing of methadone.

  Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**        20 years' imprisonment

Count #: 18

  Distribution and dispensing of hydrocodone.

  Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**        5 years' imprisonment

Count #: 19

  Distribution and dispensing of roxicodone.

  Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**        20 years' imprisonment

Count #: 20

  Distribution and dispensing of alprazolam.

  Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**        3 years' imprisonment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET                    Page 6 of 6

**Defendant's Name**: **ALI SHAYGAN**        **Case No**:_____

Count #: 21

  Distribution and dispensing of roxicodone.

  Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**      20 years' imprisonment

Count #: 22

  Distribution and dispensing of hydrocodone.

  Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**      5 years' imprisonment

Count #: 23

  Distribution and dispensing of xanax.

  Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**      3 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

6