UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20112-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALI SHAYGAN,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION IN LIMINE TO ADMIT TEXT OF 21 U.S.C. § 841(b)(1)(C)

The Defendant filed a Motion in Limine to Admit Text of 21 U.S.C. § 841(b)(1)(C) to Inform Jury of Mandatory Minimum Sentence [DE 64], and the government filed a memorandum in opposition [DE 75]. The Honorable Alan S. Gold referred the Motion to this Court for report and recommendation. [DE 70].

The Defendant, a licensed physician, has been charged in a Superseding Indictment with multiple counts of dispensing schedule II controlled substances "outside the scope of professional practice and not for a legitimate medical purpose" in violation of Title 21 U.S.C. § 841(a)(1). [*See* DE 124]. One count of the Indictment - Count I - charges that the Defendant's unlawful conduct led the death of "J.D." Title 21 U.S.C. § 841(b)(1)(C) provides that Count I carries a mandatory minimum twenty year sentence of incarceration. Defendant asks that the jury be informed of that mandatory minimum sentence by

having the text of the statute introduced into evidence, and relies upon Title 1 U.S.C. § 112 for the notion that provisions of the United States Code can be admitted into evidence. He argues that the penalty provision of the statute "is relevant to the determination of guilt" citing Federal Rules of Evidence 401 and 402, which generally govern the admissibility of relevant evidence. Defendant acknowledges that the ruling he seeks runs counter to binding Supreme Court and Eleventh Circuit precedent. He relies, however, upon a recent decision from District Court Judge Weinstein, of the Eastern District of New York, that runs counter to that precedent, and argues that this Court, like Judge Weinstein, should reject the established precedent as no longer viable.

Judge Weinstein, in *United States v. Polizzi*, 549 F. Supp. 2d 308 (E.D.N.Y. 2008), granted a post-conviction motion for a new trial, having concluded that the defendant was denied his Sixth Amendment jury rights when the Court refused his request that the jury be informed of the mandatory five-year minimum sentence applicable to some of the crimes for which the Defendant stood trial. Judge Weinstein was guided in his analysis by the doctrine of originalism expressed by a majority of the Supreme Court, which holds that the scope of the Sixth Amendment must be understood in light of the practices of the Colonies and England in 1791 when the Constitutional Amendment was adopted. In reaching his decision Judge Weinstein engaged in a lengthy historical analysis of those practices and concluded that, at the time, juries were knowledgeable of sentences and had the power to refuse to convict, or to modify their decisions, when they believed the punishment excessive. He

2

relied upon the Supreme Court's *Apprendi*, *Booker* and *Crawford* cases,[1] which in his view demand this analysis and demonstrate the Court's willingness to overrule major precedent based on a revised historical review. In the end, Judge Weinstein concluded that the circumstances of the case before him required that the jury be informed of the mandatory minimum sentence so that it could fulfill its constitutional role of being "spokespersons for the community." *Id.* at 440. Judge Weinstein emphasized that "not all juries need be, or perhaps should be, informed of applicable sentences[,]" but concluded that the decision should be within the discretion of the trial court. *Id.*

Judge Weinstein's decision runs counter to the long-established law of this Circuit, that criminal juries should not consider the question of punishment when arriving at a verdict. *See United States v. McCracken*, 488 F. 2d 406, 425 (5th Cir. 1974) ("It is error to tell the jury about the consequences of a certain verdict even if they are mandatory");[2] *see also United States v. Thigpen*, 4 F.3d 1573, 1578 (11th Cir. 1993) (upholding the "general rule against informing jurors of the consequences of a verdict...."). The Supreme Court has also firmly recognized this principle:

> It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed. The principle that juries are not to consider the consequences of

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Booker*, 543 U.S. 220 (2005); *Crawford v. Washington*, 541 U.S. 36 (2004).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

> their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States*, 512 U.S. 573, 579 (1994) (citations and quotation marks omitted).

Defendant argues that this principle, that juries not consider the sentence, makes sense where the court has real discretion over sentencing, but makes no sense where conviction automatically leads to "a harsh, inflexible sentence." [DE 64, p. 4].

In sum, binding precedent dictates that the Defendant's jury should not be informed of the mandatory minimum sentence on Count I, and leads to the denial of the Defendant's Motion in Limine. This Court might grant the Defendant's Motion only if it chooses to follow the path laid out by Judge Weinstein, and conclude that the established precedent is no longer viable. Assuming that the Court will apply the precedent of this Circuit and the Supreme Court, I respectfully

RECOMMEND that Defendant's Motion in Limine to Admit Text of 21 U.S.C. § 841(b)(1)(C) to Inform Jury of Mandatory Minimum Sentence [DE 64], be **DENIED**.

The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within **ten days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual

findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 17th day of November, 2008.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Alan S. Gold
All counsel of record